UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ST. PAUL FIRE AND MARINE                                    CIVIL ACTION
INSURANCE CO.

versus                                                      No. 05-5059

CHAU VAN KHA                                                SECTION "C"

<u>ORDER AND REASONS</u>

Before this Court is a Motion for Summary Judgement filed by Claimant, the United

States of America, on behalf of its agency the United States Small Business Administration

("SBA") (Rec. Doc. 17).  Claimant, Ba Phan, opposes this motion and requests that the funds

deposited with this Court be transferred to the 25th Judicial District Court for the Parish of

Plaquemines, State of Louisiana. (Rec. Doc. 21).  The motion is before the court on briefs,

without oral argument. Having considered the memoranda of counsel, the record, and the

applicable law, the Court finds that the Motion for summary judgment is GRANTED.

**I. Background**

This case was brought by St. Paul Fire and Marine Insurance Co. (St. Paul) pursuant to

the court's admiralty jurisdiction under 28 USC § 1333 as an interpleader proceeding. In its

petition, St. Paul denies any liability on an insurance policy covering the hull of the F/V

PATRICK JAMES, but solely to avoid costs of litigation and to resolve any disputes over the

proceeds, has placed eighty-thousand dollars ($80,000), the amount of the policy, with the registry of this Court to be distributed among the potential claimants.  The claimants are now litigating the matter of which, if any of them, is entitled to the eighty-thousand dollars ($80,000) and in what amount.

The events that gave rise to this dispute began on January 6, 2000, when Ba Pham, a seaman, was allegedly involved in an accident aboard the F/V PATRICK JAMES.  At the time of the alleged accident, the vessel was owned by Trung Dinh Le. The vessel has been subsequently transferred twice.  On April 2, 2001, Lily Ho purchased the vessel.  She then sold the vessel to Chau Van Kha on May 19, 2003.

While Lily Ho was the owner of the F/V PATRICK JAMES, Ba Pham filed suit in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, against Trung Dinh Le to recover for the injuries he allegedly suffered while aboard the vessel.  On July 23, 2001, that Court issued a non-resident writ of attachment upon the vessel and authorized the Sheriff to seize and hold her.  However, due to her new ownership, the sheriff did not seize the vessel.  The court subsequently issued another non-resident writ of attachment on February 20, 2002.  Ba Pham has never recovered the full judgment that he was awarded by the 25th Judicial District Court.

After Chau Van Kha purchased the F/V PATRICK JAMES, he borrowed fifty-three thousand dollars ($53,000) from the SBA.  He secured this loan with a mortgage on the vessel. As a condition of the loan and mortgage, the SBA required Chau Van Kha to obtain insurance on the F/V PATRICK JAMES naming the SBA as the loss payee.  Chau Van Kha fulfilled this obligation by purchasing an eighty-thousand dollar ($80,000) hull insurance policy from St. Paul.  The policy was issued for the period from December 2, 2004 through December 2, 2005 and named the SBA as loss payee.  However, Chau Van Kha never informed St. Paul that there

was a writ of attachment on the vessel issued by the 25th Judicial District Court. The vessel sank on February 22, 2005, while the insurance was in effect.

As of May 30, 2006, Chau Van Kha still owes the SBA $51,711.92, with interest continuing to accrues on the principal amount at the rate of 2.9 percent per annum.  The SBA argues that, as the loss payee on the insurance policy, its claims to the insurance proceeds outrank all other claimants and that it should be paid first out of the insurance policy money that is deposited with this Court.  Furthermore, the SBA argues that any claims of Ba Pham, the seaman, were extinguished when the vessel sank and that the remainder of the policy should be paid to Chau Van Kha.

## II. Law and Analysis

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986); *see also* Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the

burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." <u>Engstrom v. First Nat'l Bank of Eagle Lake</u>, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See* <u>Hopper v. Frank</u>, 16 F.3d 92 (5th Cir. 1994); <u>Lujan v. Nat'l. Wildlife Fed'n.</u>, 497 U.S. 871, 871-73 (1990); <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992).

In this Motion for Summary Judgment, the SBA argues that it is entitled to summary judgment, because there is no genuine issue of fact as to which claimant has superior rights to the insurance proceeds that are deposited with this Court. The SBA claims that it has superior rights as the loss payee on the insurance policy. It is correct in this respect. Under Louisiana law, when insurance is taken out by the mortgagor and made payable to the mortgagee, the mortgagee is entitled to the proceeds of the policy to the extent of the mortgage debt. <u>See,</u> <u>Hussain v. Boston Colony Ins. Co.</u>, 311 F. 3d 623, 640 (5th Cir. 2002). Chau Van Kha still owes the SBA over $51,711.92 on a loan that was secured by a mortgage and the insurance policy in question on the F/V PATRICK JAMES. As a result, the SBA is entitled to an amount of the insurance proceeds that would cover whatever Chau Van Kha still owes to it.

The SBA also argues that Chau Van Kha should receive the remainder of the insurance proceeds, to the exclusion of Ba Pham. Ba Pham, on the other hand, asserts a claim to the insurance proceeds by virtue of a maritime lien on the F/V PATRICK JAMES arising from the injuries he sustained while working on board the vessel. The SBA argues that Ba Pham's lien on the vessel was extinguished when she sank.

Under the general maritime law, a maritime lien arises when a seaman makes a claim for

4

injuries suffered through the unseaworthiness of a vessel.  <u>The Imperator</u>, 288 F. 372, 373 (5th Cir. 1923).  The maritime lien grants the creditor the right to seize the vessel, have it sold and be paid from the proceeds of the sale.  <u>Equilease Corp. v. M/V SAMPSON</u>, 793 F. 2d 598, 602 (5th Cir. 1986).  This lien always follows the vessel when it is sold and remains enforceable against the vessel *in rem.* <u>Id.</u>  Therefore, due to his injuries aboard the M/V PATRICK JAMES, Ba Pham had a maritime lien that was enforceable against the ship, regardless of its new ownership.

However, Ba Pham's maritime lien did not survive the sinking of the vessel and did not attach to the insurance proceeds.  The maritime law provides that the destruction of a vessel extinguishes all maritime lines by eliminating the res to which they attached. <u>Senner v. M/V ACADIAN VALOR</u>, 485 F. Supp. 287, 292 (E.D. La. 1980); <u>See</u> <u>also</u>, <u>Maritrend, Inc. v. M/V SEBES</u>, 1997 WL 660614 (E.D. La. 1997);  <u>Walsh v. Tadlock</u>, 104 F. 2d 131, 132 (9th Cir. 1939); <u>Central Soya Company, Inc. v. Cox Towing Corp.</u>, 417 F. Supp. 658, 664 (N.D. Miss. 1976).  Furthermore, maritime lies do not attach to insurance proceeds upon the loss of the vessel.  <u>Id.</u>

The cases hold that all liens are extinguished.  This includes seamen's liens for personal injuries and maintenance and cure.  For example, in <u>Naranjo v. M/V MR. KIRKTON</u>, 2005 WL 1926638 (S.D. Tex. 2005), the plaintiff, a seaman with a maritime lien that arose because of injuries he had sustained while working aborad the vessel, acknowledged that his maritime lien was extinguished by the destruction of the vessel.  Similarly, Ba Pham's liens on the F/V PATRICK JAMES were extinguished when she sank and the lien did not attach to the insurance proceeds.  Thus, Ba Pham does not have a claim to the insurance proceeds and whatever is not distributed to the SBA should go to Cha Van Kha.

However, Ba Pham and Cha Van Kha have an ongoing dispute in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana.  Any funds that Cha Van Kha is entitled to receive from the insurance proceeds at issue here should be held by the registry of the 25th Judicial District Court until that dispute is resolved, as directed by the order of Judge Ragusa of the 25th Judicial District Court (Rec. Doc. 21, Exhibit 9).

**III. Conclusion**

For the reasons set forth above,

IT IS ORDERED that the SBA's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that:

1. The  SBA be paid the amount that it is owed by Cha Van Khan from the insurance proceeds that are deposited with this court; and

2. That the remainder of the insurance proceeds belong to Cha Van Khan, but will be deposited in the registry of the  25th Judicial District Court, Parish of Plaquemines, State of Louisiana, to be held until the pending litigation between Ba Phan and Cha Van Khan is resolved.

New Orleans, Louisiana, this 28th day of August, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE